UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD WEAN,

     Plaintiff,

v.                                                    Case No.:  2:23-cv-302-SPC-NPM

MELINDA MASTERS, YEN LE
JON P. CARNER, and JARAD
ANDERSON,

     Defendants.

                                     /

## OPINION AND ORDER

Before the Court is Plaintiff Richard Wean's Motion for Preliminary Injunction (Doc. 112).  Wean is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC), and he sues four current and former FCCC officials for failing to provide a mattress that can support his weight and adequate treatment for pain he attributes to sleeping on an inadequate mattress.

In his motion, Wean summarizes some of the extensive medical care he has received over the last six months.  Wean complains he has been waiting too long for an appointment with a back specialist and asks the Court to order the FCCC to send him to a specialist within 30 days.  Wean also complains that

the FCCC provided him a walker that cannot support his weight instead of a wheelchair.

In response, FCCC Medical Director Victor De Loach testifies that Wean saw orthopedist Dr. Connolly in February 2024. Dr. Connolly recommended pain management and did not schedule a follow-up. Wean has seen pain management specialists several times since then, and he is currently on the list for a follow-up with the orthopedist, subject to the outside clinic's availability. As for the wheelchair/walker issue, Wean's facility-issued walker broke, so the FCCC ordered a bariatric walker designed for people who weigh up to 500 pounds. Wean has been provided a wheelchair to use until the walker arrives.

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (internal quotation marks and citation omitted). Preliminary injunctions are thus the exception, not the rule. *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). The point of injunctive relief is to preserve the status quo until a final decision on the merits. *Antoine on behalf of I.A. v. Sch. Bd. of Collier Cnty.*, 301 F. Supp. 3d 1195, 1202 (M.D. Fla. 2018).

A preliminary injunction is not warranted here. The FCCC is already addressing Wean's complaints—he is on the list for an orthopedic appointment when one becomes available at the outside clinic, and a bariatric walker is on

2

the way.  What is more, Wean does not seek to preserve the status quo.  The Court will not use a preliminary injunction to micromanage Wean's healthcare before addressing the merits of his pending claims.  Accordingly, Wean's Motion for Preliminary Injunction (Doc. 112) is **denied**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3